IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHARI D. HARPER<br>Plaintiff Sui Juris PAG<br><br>    Plaintiff,<br><br>vs.<br><br>SOUTH OGDEN CITY, STATE OF UTAH,<br>JOHN DOES<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON MOTION FOR SERVICE OF PROCESS<br><br><br><br>Case No. 2:11-CV-94 TS |

## I. INTRODUCTION

This matter is before the Court for screening of Plaintiff's Complaint. Plaintiff is proceeding pro se and in forma pauperis. Because the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted, the Court will deny Plaintiff's Motion for Service of Process and dismiss Plaintiff's Complaint.

Plaintiff Shari Harper filed her Complaint with the Court on June 7, 2011. On August 24, 2011, Plaintiff filed a Motion for Service of Process, leading the Court to now screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), a court must screen cases filed in forma pauperis and must "dismiss the case at any time if the court determines that . . . the action or appeal (i) is

1

frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

> "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[1]

> We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. . . . In the Rule 12(b)(6) context, "[w]e look for plausibility in th[e] complaint." In particular, we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Rather than adjudging whether a claim is "improbable," "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."[2]

> "In addition, we must construe a pro se appellant's complaint liberally." This liberal treatment is not without limits, and "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."[3]

### III. ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff's Complaint names as Defendants "South Ogden City, State of Utah, [and] John Does."[4] Plaintiff's Complaint states that Plaintiff was arrested, charged, and convicted for

---

[1] *Kay v. Bemis*, 500 F.3d 1214, 1217 (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (internal quotation omitted); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

[2] *Id.* at 1217-18 (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 & n.2 (10th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)).

[3] *Id.* at 1218 (quoting *Gaines v. Stenseng*, 292 F.3d at 1224 (10th Cir. 2002); *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted)).

[4] Docket No 3, at 1.

events occurring at the Utah Veterans Administration Outpatient Clinic in Ogden, Utah.[5] Plaintiff argues that the South Ogden Justice Court, where she was convicted, did not have jurisdiction over these matters because it was ceded to the United States under Utah Code Ann. § 63L-1-201,[6] which states:

> Jurisdiction is hereby ceded to the United States in, to and over any and all lands or territory within this state which have heretofore been acquired by the United States by purchase, condemnation or otherwise for military or naval purposes and for forts, magazines, arsenals, dockyards and other needful buildings of every kind whenever authorized by Act of Congress, and in, to and over any and all lands or territory within this state now held by the United States under lease, use permit, or reserved from the public domain for any of the purposes aforesaid; this state, however, reserving the right to execute its process, both criminal and civil, within such territory. The jurisdiction so ceded shall continue so long as the United States shall own, hold or reserve land for any of the aforesaid purposes, or in connection therewith, and no longer.

Plaintiff alleges that Utah ceded jurisdiction under this statute,[7] making the proceedings in the justice court illegal hearings held by "a foreign government with hostile interest to the united states [sic]."[8] A judgment was entered for $938, and Plaintiff was threatened with a sixty day incarceration if that was not paid by May 29, 2011.[9] Plaintiff appealed this judgment[10] and then filed her Complaint with this Court on June 7, 2011. In her Complaint, Plaintiff "seeks declaratory relief as to where jurisdiction properly resides" and "an order of injunction against

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 3-4.

[9] *Id.* at 4.

[10] *Id.*

any person attempting to incarcerate or enforce the wrongful and void orders of the Justice court."[11]

## IV. ANALYSIS

Plaintiff does not specifically allege that the Federal Government purchased the land the clinic was located on. However, even if the Court were to construe Plaintiff's Complaint to contain such an allegation, the *Rooker-Feldman*[12] doctrine removes this Court's jurisdiction over this case. Plaintiff asks the Court to set aside a prior state court proceeding or enter an injunction barring execution of the judgment, but "[t]he *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced."[13]

## V. CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Plaintiff Shari Harper's Motion for Service of Process (Docket No. 4) is DENIED. It is further

ORDERED that Plaintiff's claims against all Defendants are DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is directed close this case forthwith.

---

[11] *Id.* at 5-6.

[12] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Ap. v. Feldman*, 460 U.S. 462 (1983).

[13] *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (internal quotations omitted) (citing *Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

DATED   February 1, 2012.

                                              BY THE COURT:

                                              _____
                                              TED STEWART
                                              United States District Judge